IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SIGNA DEVELOPMENT SERVICES, INC., a Nebraska corporation d/b/a AMSPORT USA,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN INTERNATIONAL MATERIALS, LLC, a Delaware limited liability company, and ATOKA INTERNATIONAL, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 8:23-cv-415<br><br><br>**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

Defendants American International Materials, LLC ("AIM") and Atoka International, LLC ("Atoka") (collectively, "Defendants") respectfully submit this brief in support of their Motion to Dismiss Plaintiff Signa Development Services, Inc., d/b/a Amsport USA's ("Signa") Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3).

## I.   INTRODUCTION

In the span of three pages, Signa purports to plead what appears to be joint venture agreement between the parties governing how the parties will allocate millions of dollars. There is no written agreement referenced or attached. Defendants dispute the existence of any such agreement, whether written or unwritten. The absence of a good faith basis for Signa's Complaint aside, the Complaint must be dismissed for lack of personal jurisdiction. Defendants are both foreign entities without ties to Nebraska. They do not do business in Nebraska, they do not have customers in Nebraska, and they have no other meaningful connections with the State of Nebraska.

## II.   FACTUAL BACKGROUND

There are no allegations or evidence tying Defendants or their business activities to Nebraska. Plaintiff's only attempt to plead personal jurisdiction over Defendants is the simple, conclusory statement that each Defendant "at all times pertinent hereto, was … conducting, operating, and transacting business in Nebraska." Compl. ¶¶ 2-3. In fact, neither defendant has any ties to Nebraska. Defendants are Delaware limited liability companies. Rusby Declaration ¶¶ 3, 6, attached as Exhibit A. None of the members of either defendant is a Nebraska resident or a Nebraska business entity. Rusby Declaration ¶¶ 4, 8. Both Defendants' headquarters are located in Virginia. Rusby Declaration ¶¶ 3, 6. Neither Defendant has any offices or employees in Nebraska. Rusby Declaration ¶¶ 9-12. Neither Defendant is registered to do business in Nebraska. Rusby Declaration ¶ 13. Neither Defendants does any business in Nebraska. Rusby Declaration ¶¶ 16-19. No employee or member of either Defendant has ever traveled to Nebraska for business of any kind. Rusby Declaration ¶ 27. Neither Defendant owns any real estate or holds any property or deposits in the State of Nebraska. Rusby Declaration ¶ 14. Neither Defendant has any Nebraska customers. Rusby Declaration ¶ 16-17. Finally, neither Defendant has a bank account that is located in Nebraska or a Nebraska-based telephone number. Rusby Declaration ¶ 15.

As shown below, without evidence that Defendants engaged in conduct and connection with Nebraska such that they should reasonably anticipate being haled into court there, the Complaint must be dismissed for lack of personal jurisdiction. The Complaint may also be dismissed for improper venue because there are no allegations that a substantial part of the events or omissions giving rise to the claim occurred in Nebraska.

## III.   MOTION TO DISMISS STANDARD

Signa  bears the burden to establish the Court's in personam jurisdiction. *See Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003). ("The party seeking to establish the

court's in personam jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction.")(citations omitted). To meet its burden, Signa must make a prima facie showing of jurisdiction. *Id*. The Court must view the evidence in the light most favorable to Signa and must resolve all factual conflicts in its favor. *Romak USA, Inc. v. Rich*, 384 F.3d 979, 983 (8th Cir. 2004). As shown below, even viewing the evidence in the light most favorable to Signa as the nonmoving party, Signa cannot meet its burden.[1]

## IV. ARGUMENT

The Court may dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3). First, the Court does not have general jurisdiction over Defendants because they are foreign limited liability companies without any contacts in Nebraska that would render them "at home" in Nebraska. Second, there is no specific jurisdiction because there are no allegations or evidence to support the conclusion that Defendants had the necessary contacts with Nebraska in relation to the alleged joint venture agreement with Signa. Finally, venue is improper in Nebraska because there are no allegations that a substantial part of the alleged events occurred in Nebraska. Accordingly, the Complaint should be dismissed for lack of jurisdiction and improper venue.

### A. This Court Does Not Have General Jurisdiction Over Defendants.

This Court does not have general jurisdiction over Defendants because (i) Defendants are not incorporated in Nebraska, (ii) Defendants do not maintain their principal places of business in Nebraska, and (iii) this is not an exceptional case. "Federal courts apply the long-arm statute of the forum state to determine the existence of personal jurisdiction over the parties." *Kaliannan v.*

---

[1] In considering a motion to dismiss pursuant to Rule 12(b)(2), a court may consider materials outside of the pleadings. *See Stevens v. Redwing*, 146 F.3d 538, 543 (8th Cir.1998); *see also K–V Pharm. Co.*, 648 F.3d at 592 ("Although the evidentiary showing required at the prima facie stage is minimal, the showing must be tested, not by the pleadings alone, but by the affidavits and exhibits supporting or opposing the motion.") (citation and internal quotation marks omitted).

*Liang*, 2 F.4th 727, 733 (8th Cir. 2021), cert. denied, 142 S. Ct. 758, 211 L. Ed. 2d 474 (2022) (citing *Whaley v. Esebag*, 946 F.3d 447, 451 (8th Cir. 2020) (citing therein Fed. R. Civ. P. 4(k)(1)(A))). "Nebraska's long-arm statute, Neb. Rev. Stat. § 25-536 (Reissue 2016), extends Nebraska's jurisdiction over nonresidents having any contact with or maintaining any relation to this state as far as the U.S. Constitution permits." *Lanham v. BNSF Ry. Co.*, 305 Neb. 124, 129, 939 N.W.2d 363, 368, opinion modified on denial of reh'g, 306 Neb. 124, 944 N.W.2d 514 (2020) (citation omitted). Thus, the Court need only look to the due process clause of the Fourteenth Amendment to determine personal jurisdiction. *Kaliannan*, 2 F.4th at 733. "Critical to due process analysis . . . is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)) (internal quotation marks omitted) (ellipse in original).

The bar for general jurisdiction is high. *Perrigo Co. v. Merial Ltd.*, No. 8:14-cv-403, 2015 WL 1538088 at *6 (D. Neb. April. 7, 2015). Indeed, aside from the "exceptional case," the U.S. Supreme Court has held that a corporation's "home" for purposes of general personal jurisdiction is usually only appropriate in the corporation's state of incorporation or principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 139 Fn. 19 (2014).

Here, none of the traditional mechanisms resulting in general jurisdiction are present. Defendants do not "reside" in Nebraska. As a preliminary matter, both defendants are Delaware limited liability companies. Rusby Declaration ¶¶ 3, 6. None of the members of either defendant is a Nebraska resident or a Nebraska business entity. Rusby Declaration ¶¶ 4, 8. Both Defendants' headquarters are located in Virginia. Rusby Declaration ¶¶ 3, 6. Neither Defendant has any offices or employees in Nebraska. Rusby Declaration ¶¶ 9-12. Neither Defendant is registered to do

business in Nebraska. Rusby Declaration ¶ 13. Thus, unless Plaintiffs can adduce evidence that this is an "exceptional case," general jurisdiction does not exist.

This is not an exceptional case because Defendants have not and do not engage in any type of continuous or systematic activity in Nebraska. "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG*, 571 U.S. at 127 (citations omitted). However, mere "continuous activity of some sort within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." *Perrigo Co.*, 2015 WL 1538088, at *6 (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2856 (2011). "[I]n *Helicopteros Nacionales de Colombia, S.A. v. Hall*, the defendant's contacts with the forum state consisted of sending its chief executive officer there to negotiate a contract, accepting into its New York bank account checks drawn on a forum bank, purchasing equipment and training services from a company in the forum state, and sending personnel there for training." *Id*. (citing 466 U.S. 408, 416 (1984).). The U.S. Supreme Court held such contacts "were insufficient to support the exercise of jurisdiction over a claim that neither arose out of nor related to the defendant's activities in the forum." *Id*.

Defendants' contacts with Nebraska do not rise even to the level that the U.S. Supreme Court found inadequate in *Hall*, *supra*. Neither Defendants does any business in Nebraska. Rusby Declaration ¶¶ 16-19. No employee or member of either Defendant has ever traveled to Nebraska for business of any kind. Rusby Declaration ¶ 27. Neither Defendant owns any real estate or holds any property or deposits in the State of Nebraska. Rusby Declaration ¶ 14. Neither Defendant has a bank account that is located in Nebraska or a Nebraska-based telephone number. Rusby

Declaration ¶ 15. Accordingly, Defendants do not maintain even tenuous continuous contacts in Nebraska and there is no general personal jurisdiction over either Defendant.

      **B.    This Court Does Not Have Specific Jurisdiction Over Defendants.**

There is no specific jurisdiction over Defendants because Defendants have not purposefully availed themselves "of the privilege of conducting activities within" Nebraska. *Newhard, Cook & Co. v. Inspired Life Centers, Inc.*, 895 F.2d 1226, 1228 (8th Cir. 1990) (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). None of Defendants' alleged acts or omissions are "of a nature such that the defendant should 'reasonably anticipate being haled into court there.'" *Id.* (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

> A court has specific jurisdiction over an out-of-state defendant when the defendant purposely directed its "activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (internal quotation marks and citations omitted). Accordingly, we ask whether [the defendant] "has certain minimum contacts with the forum state" and whether [the plaintiff's] claims "arise out of or relate to [those] contacts." *Kaliannan v. Liang*, 2 F.4th 727, 733 (8th Cir. 2021) (second quote quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, ––– U.S. ––––, 141 S. Ct. 1017, 1025, 209 L.Ed.2d 225 (2021)). In deciding whether the totality of the circumstances establishes specific jurisdiction, we consider the following factors, with the first three carrying the greatest weight: "(1) the nature and quality of [defendants'] contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties." *Brothers & Sisters in Christ*, 42 F.4th at 952 (quoting *Whaley v. Esebag*, 946 F.3d 447, 452 (8th Cir. 2020)).

*Kendall Hunt Publ'g Co. v. Learning Tree Publ'g Corp.*, 74 F.4th 928, 930 (8th Cir. 2023). Each of the forgoing factors is addressed below.

*Nature and Quality of Defendants' Contacts with the Forum State.* The only allegation tying Defendants to Nebraska is that Defendants allegedly entered into unwritten agreement and/or did business with a Nebraska entity. As a preliminary matter, Defendants deny that Signa ever had

6

a purported joint venture arrangement with either Defendant.[2] However, even taking all of Signa's allegations as true, there is no evidence sufficient to support a finding that either Defendant had contacts with Nebraska that could support a finding of specific jurisdiction. Signa did not allege, because it cannot, that any of Defendants' purported activities occurred in Nebraska.

Signa may argue that the Complaint contemplates that it received communications from Defendants while its representatives were in Nebraska, but "use of interstate mail, telephone or banking facilities, standing alone, [is] insufficient to satisfy the requirements of due process." *T.J. Raney & Sons, Inc. v. Sec. Sav. & Loan Ass'n of Salina, Kansas*, 749 F.2d 523, 525 (8th Cir. 1984). In *T.J. Raney*, the plaintiff was securities broker located in Arkansas. *Id.* at 524. The defendant maintained an active account with the plaintiff for about a year, buying and selling debt obligations. *Id.* The subject transaction transpired when one of defendants' representatives orally directed plaintiff to purchase $1 Million in treasury bonds and then refused to acknowledge the trade after a drop in the market value of the bonds. *Id.* at 524-25. The Eighth Circuit concluded,

> The contacts between appellee and the forum state were limited to telephone calls and wire or mail transfers of money. The district court properly concluded that the use of interstate mail, telephone or banking facilities, standing alone, was insufficient to satisfy the requirements of due process. *E.g., Institutional Food Marketing Assocs. v. Golden State Strawberries, Inc.*, 747 F.2d 448 at 455–456 (8th Cir. 1984); *Mountaire Feeds, Inc. v. Agro Impex, S.A.*, 677 F.2d 651, 656 (8th Cir. 1982); *Aaron Ferer & Sons v. Atlas Scrap Iron & Metal Co.*, 558 F.2d 450, 453 (8th Cir. 1977).

*Id.* at 525; *see also Porter v. Berall*, 293 F.3d 1073, 1076 (8th Cir. 2002) ("Contact by phone or mail is insufficient to justify exercise of personal jurisdiction under the due process clause."). Thus,

---

[2] Signa's claims against Atoka are particularly weak because its conclusory allegation that "AIM and Atoka worked collectively as AIM" (Complaint ¶ 6) need not be taken as true. *Rossi v. Arch Ins. Co.*, 60 F.4th 1189, 1193 (8th Cir. 2023) (citing *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017)) (Courts "are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level."). There are no allegations that Atoka, specifically, took any action.

the implicit allegation that Signa purportedly received communications from Defendants in Nebraska is insufficient to create specific jurisdiction. Accordingly, the nature and quality of Defendants' contacts with Nebraska weigh against a finding of specific jurisdiction.

*Quantity of Defendants' Contacts.* As discussed above, there are no allegations that Defendants had any meaningful contacts with Nebraska—of any quantity. Communications purportedly received by Signa in Nebraska, on their own, are insufficient to support a finding of specific jurisdiction. Therefore, the quantity of Defendants' contacts with Nebraska weigh against a finding of specific jurisdiction.

*Relation of Contacts to the Cause of Action.* As its first cause of action, Signa seeks an accounting of funds purportedly belonging to Signa and held by Defendants. Defendants' offices and business records are in Virginia, not Nebraska. Rusby Declaration ¶¶ 3, 6-7. None of Defendants' bank accounts are located in Nebraska. Rusby Declaration ¶ 15. Thus, Signa's claim for an accounting bears no relation to Nebraska.

Likewise, Signa's second cause of action for a declaratory judgment as to the parties' "respective duties and obligations" has no relationship with Nebraska. There are no allegations that the parties' purported joint venture relationship had any relationship to Nebraska outside of Signa's state of incorporation and principal place of business. As there is no evidence that any alleged business activity carried out by either Defendant was directed at Nebraska, it follows that any future duties and obligations are unlikely to be directed at Nebraska. The absence of any relationship between Signa's claims and Defendants' contacts with Nebraska weighs against a finding of specific jurisdiction.

*Interest of the Forum State in Providing a Forum for Its Residents.* Any interest Nebraska may have in regulating a Delaware limited liability company's activities in Virginia is limited, at

best. "While Nebraska may have an interest in providing a forum for its resident corporations, 'that interest does not overcome the substantial inconvenience for the parties' to litigate in Nebraska." *Romeo Ent. Grp., Inc. v. Showing Animals Respect & Kindness, Inc.*, 643 F. Supp. 2d 1109, 1116–17 (D. Neb. 2009) (quoting *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1092 (8th Cir. 2008) ("The inconvenience to the parties and their witnesses, under the facts of this case, is a factor that militates against [the plaintiff] for purposes of establishing personal jurisdiction over [the defendant].").

*Convenience of the Parties.* Defendants have not directed any business activities toward Nebraska. Any convenience to Signa in haling foreign entities to Nebraska based on foreign business activities is far outweighed by the inconvenience to Defendants. Defense of such a suit would place an unreasonable burden on Defendants.

The factors require dismissal of this action for want of jurisdiction. Defendants have no quality or continuous contacts with Nebraska. Communications received by Signa, no matter the number, are insufficient on their own to pass muster under the due process analysis. Neither of Signa's causes of action are related to Defendants' activities in Nebraska (because there are no activities in Nebraska). Finally, neither Nebraska's interest in the forum state nor the convenience of the parties favors a finding of specific jurisdiction. The Complaint should be dismissed for lack of jurisdiction.

### C. Even If There Was Jurisdiction, Venue Is Improper.

Even if this Court determined that personal jurisdiction exists, the Court should still dismiss the Complaint for improper venue under Rule 12(b)(3) and 28 U.S.C. § 1391(b). Under 28 U.S.C. § 1391(b), civil actions may be brought in any judicial district "in which any defendant resides" or "in which a substantial part of the events or omissions giving rise to the claim occurred." Plaintiffs contend that Defendants purportedly failed to act to reimburse Signa for

alleged expenses or transfer Signa's alleged share of profits. Complaint ¶¶ 12-13. Defendants' alleged actions or inactions occurred in Virginia. Accordingly, this case may also be dismissed for improper venue.

V.   **CONCLUSION**

WHEREFORE, Defendants American International Materials, LLC and Atoka International, LLC respectfully request an Order dismissing the Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3) and awarding Defendants such further and different relief as this Court deems just and equitable.

Dated:  September 22, 2023.

AMERICAN INTERNATIONAL MATERIALS, LLC AND ATOKA INTERNATIONAL, LLC, Defendants,

By *S/Andrew S. Tugan*
Andrew S. Tugan, #26917
KOLEY JESSEN P.C., L.L.O.
One Pacific Place, Suite 800
1125 South 103rd Street
Omaha, NE  68124-1079
(402) 390-9500
(402) 390-9005 (facsimile)
andrew.tugan@koleyjessen.com

*Attorneys for Defendants.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2023, the foregoing was electronically filed with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all parties of record.

*/s/ Andrew S. Tugan*
Andrew S. Tugan