IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SIGNA DEVELOPMENT SERVICES, INC., a Nebraska corporation;<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN INTERNATIONAL MATERIALS, LLC, a Delaware limited liability company; and ATOKA INTERNATIONAL, LLC, a Delaware limited liability company;<br><br>Defendants. | 8:23CV415<br><br><br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Defendant's Motion to Amend Answer, Affirmative Defenses, and Counterclaims (Filing No. 48) and Defendant's Motion for Sanctions (Filing No. 51). For the reasons stated below, the Motion to Amend is granted and the Motion for Sanctions is denied.

I.     Motion to Amend

As an initial matter, the Court agrees that the motion was timely filed, as it complies with the deadlines set by the Court (Filing No. 43). Defendant seeks to amend its answer to add counterclaims for: (1) conversion against Mr. Thomas Schmidt ("Schmidt"), (2) violations of the Nebraska Uniform Deceptive Trade Practices Act, (3) fraud against Schmidt, (4) piercing the corporate veil against Schmidt, (5) fraudulent concealment against Signa and Schmidt, and (6) breach of fiduciary duty against Signa and Schmidt. Defendants assert that this amendment arises from additional information learned during the discovery process.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Unless there is a good reason for denial, such as "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment" leave to amend should be granted. *Doe v. Cassel*, 403 F.3d 986, 990-91 (8th Cir. 2005) (citation omitted); see *Stricker v. Union Planters Bank, N.A.*, 436 F.3d 875, 878 (8th Cir. 2006) (Leave to amend "may be denied if an amendment would be futile."). There is no absolute right to amend. *Cassel*, 403 F.3d at 990. Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Gamma-10 Plastics*, 32 F.3d at 1255.

A motion to amend should be denied on the merits "only if it asserts clearly frivolous claims or defenses." *Gamma-10 Plastics, Inc. v. Am. President Lines*, 32 F.3d 1244, 1255 (8th Cir. 1994) (quotations and citations omitted). Further, "likelihood of success on the new claim or defense is not a consideration for denying leave to amend unless the claim is clearly frivolous" "or legally insufficient on its face." *Becker v. Univ. of Neb.*, 191 F.3d 904, 908 (8th Cir. 1999); *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (citation omitted). "The party opposing such amendment ha[s] the burden of establishing that leave to amend would be ... futile." *Sokolski*, 178 F.R.D. at 396 (citations omitted). The court is mindful of the liberal policy toward amendments and "the underlying purpose of Rule 15-to facilitate decision on the merits rather than on the pleadings or technicalities." *Paramount Pictures Corp. v. ReplayTV*, 298 F. Supp. 2d 921, 927 (C.D. Cal. 2004) (internal citation omitted); see *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000). "[I]f the alleged futility is based on factual issues which are in dispute, leave to amend should not be denied." *Santiago v. Steinhart*, 1993 WL 410402 *1, 2 (S.D.N.Y. 1993).

The Plaintiff primarily objects to the amendment based on futility by arguing the new claims will not survive a motion to dismiss. The Plaintiff, however, only substantively addresses Defendant's requests regarding piercing the corporate veil, fraudulent concealment and breach of fiduciary duty and provides no legal support for why the claims of conversion, fraud and violations of the Nebraska Uniform Deceptive Trade Practices Act should not move forward. Regarding the former, the Defendants have pled facts sufficient to support plausible claims. While the Plaintiff may have valid arguments in opposition to a motion based on factual disputes, the likelihood of

success on a claim or defense is not a consideration for denying leave to amend unless the claim is clearly frivolous. *Gamma-10 Plastics,* 32 F.3d at 1256. While the plaintiff may or may not prevail on the issue of whether Schmidt is a necessary party and the claims for piercing the corporate veil, break of fiduciary duty, and fraudulent concealment, the issue should be determined on the merits rather than as part of a motion to amend. Accordingly, the Plaintiff fails to meet its burden of showing it would be legally futile to allow the Defendant to amend the answer to include additional counterclaims.

II.   Motion for Sanctions

Defendants also move for sanctions based on alleged noncompliance with the Amended Joint Stipulation (Filing No. 45), seeking either denial of evidence related to the discovery requests or, in the alternative an order of the court compelling compliance. However, the Defendant did not file a motion to compel after it alleged Plaintiff's noncompliance with the stipulation. "In order to impose sanctions under Rule 37, there must be an order compelling discovery, a willful violation of that order, and prejudice to the other party." *Mems v. City of St. Paul, Dep't of Fire & Safety Servs.,* 327 F.3d 771, 779 (8th Cir. 2003) (quoting *Chrysler Corp. v. Carey,* 186 F.3d 1016, 1019 (8th Cir. 1999)). The Court has broad discretion to impose a sanction, and such sanction must be "just and specifically related to the claim at issue." *Keefer v. Provident Life & Acc. Ins. Co.,* 238 F.3d 937, 941 (8th Cir. 2000).

The Court agrees that Defendants have asked for sanctions prior to any order compelling discovery, and as such, sanctions are premature at this juncture. The Court further orders the parties to meet and confer regarding ongoing discovery disputes and take appropriate actions in accordance with the Local Rules, if necessary.

IT IS ORDERED:

1. Defendant's Motion to Amend Answer, Affirmative Defenses, and Counterclaims (Filing No. 48) is granted.
2. Defendant shall have until or before December 20rd, 2024 to file its Amended Answer.
3. Defendant's Motion for Sanctions (Filing No. 51) is denied.

Dated this 10th day of December, 2024.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge